UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| CRAIG S. COLEMAN, | ) | CASE NO. C07-0519-JCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| CITY OF SEATTLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff has submitted a *pro se* civil rights complaint pursuant to 42 U.S.C § 1983. He has been granted leave to proceed *in forma pauperis*. The Court has screened the complaint pursuant to 28 U.S.C § 1915A, and finds, for the reasons set forth below, that the complaint and this action should be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's complaint is difficult to decipher, but he appears to be challenging the conduct of the state court judges and the prosecutor who were involved in his criminal proceedings. Without naming specific dates or actors, plaintiff alleges generally that his rights to due process and to a speedy trial were violated. (Complaint at 3). Plaintiff also names the City of Seattle as a defendant. Plaintiff appears to have been released from incarceration and is residing in a

work/release program in Seattle, Washington.  (*Id*. at 2).

Plaintiff's complaint faces several insurmountable barriers. First, the judges and prosecutor whom he names as defendants are shielded from liability under § 1983 by judicial immunity.  As the Ninth Circuit Court of Appeals has explained, "certain government officials require absolute immunity from liability in order to enable them to function independently and effectively, without fear of intimidation or harassment.  Accordingly, the Court has granted absolute immunity to the President, judges, prosecutors, witnesses, and officials performing quasi-judicial functions, and legislators."  *Fry v. Melaragno*, 939 F.2d 832, 835-36 (9th Cir. 1991), *quoting Mitchell v. Forsyth,* 472 U.S. 511, 520 (1985) (internal quotations omitted).

Second, plaintiff is barred from bringing an action under § 1983 if that action challenges aspects of a prior criminal conviction, unless plaintiff has already overturned that conviction through the appeals process or a habeas petition. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Although the details of plaintiff's complaint are sketchy, it appears that he is asserting that errors made by the judges and prosecutor in his case resulted in a wrongful conviction or sentence. (Complaint at 3).  Thus, plaintiff is challenging aspects of his criminal proceedings but he has not shown that he has successfully overturned that conviction. Therefore, his § 1983 action here is also barred by *Heck*.

Finally, plaintiff names the City of Seattle as a defendant but his complaint does not mention how the City could incur any liability.  Municipal defendants may not be held responsible for the acts of their employees under a respondeat superior theory of liability. *See Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992).  Rather, cities can only be liable under § 1983 if they maintain a "custom or policy" that results in a constitutional deprivation. *See Board of*

01 *County Comm'rs v. Brown,* 117 S. Ct. 1382, 1388 (1997). Plaintiff has not alleged that the City

02 maintains such a custom or policy nor even hinted at the reason for its liability.

03     Accordingly, for the foregoing reasons, the Court recommends that the complaint and this

04 action be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C.

05 § 1915(e)(2)(B)(ii).[1] A proposed Order accompanies this Report and Recommendation.

06     DATED this 26th day of April, 2007.

07

08                               Mary Alice Theiler
                              United States Magistrate Judge

---

21     [1] Because it is clear that no amendment can cure the defects discussed in this Report and Recommendation, it is not necessary to grant plaintiff leave to file an amended complaint. *See*
22 *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

REPORT AND RECOMMENDATION
PAGE -3